PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**December 3, 2010**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | Case No. 09-43823 |
| DONNA LYNN PERSON SMITH, | **MEMORANDUM DECISION** |
| Debtor. | |

THIS MATTER initially came before the Court on October 21, 2010, on the Motion of Olson Brothers Excavating, Inc. to Allow Claim. The matter was continued to November 4, 2010, at which time the Court also heard the Motion to Add Pre-Petition Debt to Chapter 13 Plan filed by Donna Lynn Person Smith (Debtor). The Court took the matter under advisement. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law as required by Fed. R. Bankr. P. 7052.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The facts are undisputed. On May 28, 2009, the Debtor filed bankruptcy under Title 11, Chapter 13.[1] The Debtor did not list Olson Brothers (Creditor) in her schedules or provide the Creditor notice of the bankruptcy filing. The first meeting of creditors under § 341(a) was scheduled for July 2, 2009. An Order Confirming Plan was entered on October 21, 2009. The Chapter 13 plan (Plan) provides for payments of $700 per month, and it is expected to result in payment only to

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

MEMORANDUM DECISION- 1

secured and priority creditors and of administrative fees and costs. No distribution is expected for general unsecured creditors. The Creditor is unsecured.

The Creditor first learned of the bankruptcy filing in late April or May, 2010. On August 18, 2010, it filed a proof of claim for an unsecured nonpriority claim in the amount of $102,794.36. On September 17, 2010, the Chapter 13 trustee (Trustee) filed a Notice of Late Filed Claim pursuant to Local Rules W.D. Wash. Bankr. R. 3007-1(b)(2). The Creditor then filed a Motion to Allow Claim on September 30, 2010, and the Debtor filed her Motion to Add Pre-Petition Debt to Chapter 13 Plan.

Both parties seek to have the late filed claim allowed and added to the confirmed Plan. The parties seek this relief even though they acknowledge that the Creditor will not receive any distribution through the Plan. The Trustee does not object to the late filed claim. The issue presented is whether the Court has the authority to allow a late filed claim in a Chapter 13 case where no party objects.

Fed. R. Bankr. P. 3002(c) governs the time for filing proofs of claim and requires a claim in Chapter 13 to be filed no later than 90 days after the first date set for the meeting of creditors in order to be timely. The rule sets forth six exceptions to this time limit, none of which apply in this case. The Creditor's claim was filed well beyond the 90-day deadline.

The Creditor initially relied on Fed. R. Bankr. P. 9006(b) to support its request to have the late filed claim allowed. It now recognizes, however, that the excusable neglect standard provided by this rule does not permit the court to extend the time for filing proofs of claim under Fed. R. Bankr. P. 3002(c). In re Coastal Alaska Lines, Inc., 920 F.2d 1428, 1432 (9th Cir. 1990). Moreover, the Court lacks *any* equitable power to enlarge the time for filing a proof of claim unless one of the six situations in Fed. R. Bankr. P. 3002(c) exists. Coastal Alaska Lines, 920 F.2d at 1432-33.

Although not argued by the parties, another possible exception to the 90-day filing deadline under Fed. R. Bankr. P. 3002 is found in § 502(b)(9). This section provides that even if a claim is not timely filed, it is allowed, over objection, after notice and a hearing "to the extent tardily filed as


MEMORANDUM DECISION- 2

permitted under paragraph (1), (2), or (3) of section 726(a) of this title . . . ." Judge Lundin, however, has rejected the suggestion that this exception applies to Chapter 13 bankruptcy cases:

> The exception in § 502(b)(9) for tardily filed proofs of claim under § 726(a)(1), (2) or (3) has no obvious application in Chapter 13 cases. Section 726(a) is only applicable in Chapter 7 cases, and the best-interests-of-creditors-test implications of § 726 in Chapter 13 cases are limited. The cross-reference to § 726 in § 502(b)(9) should not be misinterpreted in Chapter 13 cases to create an additional exception to the timeliness requirements for the allowance of claims in Chapter 13 cases.

Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 290.1 at ¶ 3, Sec. Rev. Jan. 19, 2010, www.Ch13online.com.

The Trustee has presented an alternative exception to the 90-day filing deadline of Fed. R. Bankr. P. 3002. Under § 502(a), a claim is "deemed allowed" if a proof of claim is filed and no party in interest objects. As recognized by Judge Lundin, "[t]imeliness is not a condition precedent to the filing of a claim under § 501 or § 502. In the absence of objection, even an *untimely* proof of claim is allowed under § 502(a) and entitled to payment through the plan in the same manner as other claims of its class." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 282.1 at ¶ 12, Sec. Rev. Nov. 24, 2009, www.Ch13online.com. Thus, the "penalty of disallowance now specified in § 502(b)(9) is not automatically suffered by the creditor that files a tardy proof of claim." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 282.1 at ¶ 13, Sec. Rev. Nov. 24, 2009, www.Ch13online.com.

The Debtor has not objected to the Creditor's claim. Nor has the Trustee or any other creditor. According to the Trustee, he is not objecting because allowing the claim will have no effect on timely filed claims, since the Plan provides for no distribution to general unsecured nonpriority creditors. Nonetheless, the Court must address the implications of the Trustee's filing of the Notice of Late Filed Claim pursuant to Local Rules W.D. Wash. Bankr. R. 3007-1(b)(2), and the pending motions to allow claim and add debt.

Local Rules W.D. Wash. Bankr. R. 3007-1(b)(2) provides as follows:

> In chapter 13 cases, except as provided in 11 U.S.C. § 502(b)(9), proofs of claim filed after the claims bar date will be disallowed without need for formal objection or a hearing, if the

chapter 13 Trustee sends a notice to the late filing creditor substantially in the form of Local Bankruptcy Form 3, unless the creditor serves and files a motion to allow the late filed claim within 21 days of being served with said notice.

A close reading of this rule indicates that a late filed claim will be disallowed without objection *only* if a Trustee sends a notice to the late filing creditor *and* the creditor does *not* timely file a motion to allow the claim. The Creditor timely filed and served its motion to allow claim following the Trustee's Notice. Consequently, the claim is not disallowed by operation of Local Rules W.D. Wash. Bankr. R. 3007-1(b)(2). Moreover, in accordance with § 502(a), absent an objection, the late filed claim is deemed allowed.

In the absence of any objections to the late filed claim, the issue, then, is whether the Court must nonetheless rule on the pending motions to allow claim and add pre-petition debt.

As indicated above, the Court has no discretion to extend the deadline for filing a proof of claim in a Chapter 13 case. At the same time, however, the Court has no authority to prohibit a tardy creditor from filing a proof of claim. In re Miranda, 269 B.R. 737, 740 (Bankr. S.D. Texas 2001). In accordance with § 502(a), whether a claim is filed timely or late, it is allowed unless a party in interest objects. No party in interest has filed an objection. Nonetheless, the Creditor has a pending motion for relief before this Court. Accordingly, the Court denies the Creditor's motion to allow claim, as the claim is deemed allowed by operation of § 502(a).

Regarding the Debtor's motion, there also is no explicit prohibition in the Bankruptcy Code or Rules to paying late filed claims in Chapter 13 plans. Miranda, 269 B.R. at 741. A Chapter 13 trustee's authority to pay a claim is determined by plan provisions. Miranda, 269 at 741. As enunciated by Judge Lundin, "[i]n the absence of objection, even an *untimely* proof of claim is . . . entitled to payment through the plan in the same manner as other claims of its class." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 282.1 at ¶ 12, Sec. Rev. Nov. 24, 2009, www.Ch13online.com. The Debtor's confirmed Plan allows for payment of filed and allowed nonpriority unsecured claims. Since the Creditor's filed claim is allowed, unless an objection is made, the Debtor's Plan appears to provide authority to pay the late claim. See Miranda, 269 at 742. The

Debtor's request to add the debt to the Plan is moot, however, since the Plan provides for no distribution to unsecured creditors. Accordingly, the Court denies the Debtor's motion to add pre-petition debt to the Plan, as the Plan itself provides authority to pay filed and allowed nonpriority unsecured claims.

In light of this decision, the Court need not determine whether the Court has authority to allow the Creditor's late filed claim based on principles of due process since the creditor did not receive notice of the bankruptcy filing.

_____
Paul B. Snyder
United States Bankruptcy Judge
(Dated as of Entered on Docket date above.)